**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVIN REYES,

        Plaintiff,

v.                                          Case No:   6:22-cv-418-GAP-LHP

GENERAL US CONSTRUCTION, LLC,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO ASSESS DAMAGES (Doc. No. 14)
>
> **FILED:** August 1, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff filed a complaint against Defendant on February 24, 2022, alleging violations of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. The complaint contains two counts: a claim for unpaid wages, and a claim for retaliation. *Id.* Defendant has not responded to the complaint or otherwise appeared in this matter.

On Plaintiff's motion, Clerk's default was entered against Defendant on May 24, 2022.  Doc. Nos. 11–12.

On July 25, 2022, the Court entered an Order to Show Cause, directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute because Plaintiff failed to timely move for default judgment.  Doc. No. 13.  Plaintiff has not responded to that Order to Show Cause.  Instead, on August 1, 2022, Plaintiff filed the above-styled "Motion to Assess Damages," in which Plaintiff asks the Clerk of Court to enter a damages award for a sum certain pursuant to Federal Rule of Civil Procedure 55(b)(1).  Doc. No. 14.  Plaintiff provides a short recitation of the damages sought, which include overtime wages, liquidated damages, filing fee costs, and service of process costs.  *Id.* at 1.  Plaintiff submits his affidavit in support.  Doc. No. 14-1.

Upon consideration, the "Motion to Assess Damages" will be denied without prejudice.  First, Plaintiff's motion cites Federal Rule of Civil Procedure 55(b)(1) to state that his damages claim is for a sum certain, exclusive of attorney's fees.  Doc. No. 14, at 1.  However, "[a]lthough Rule 55 (b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No.

6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)). And, a party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines*, 2019 WL 13183880, at *1.

Here, the present motion is insufficient to demonstrate that default judgment is proper. The motion does not set forth the elements of Plaintiff's claims against Defendant or demonstrate how the well pleaded allegations of the complaint establish each of those elements. Nor does Plaintiff explain how the allegations of his complaint establish either individual or enterprise FLSA coverage. Without this information, the Court is unable to determine whether Plaintiff is entitled to a default judgment. *See, e.g.*, *Estes Express Lines*, 2019 WL 13183880, at *2 (denying

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

two-page motion for default which "merely points out that the Clerk entered default, cites Rule 55(b)(1), and refers to the attached affidavit" and which otherwise did not include a legal memorandum as required by Local Rule 3.01(a)); *McCraken v. Bubba's World, LLC*, No. 6:09-cv-1954-Orl-28DAB, 2010 WL 3463280, at *2 (M.D. Fla. Aug. 4, 2010) (recommending denial of motion for default judgment where, among other things, "Plaintiff cites no cases, undertakes no analysis, and fails to even mention the [FLSA] except in a passing reference . . ."), *report and recommendation adopted*, 2010 WL 3463277 (M.D. Fla. Sept. 3, 2010).

Second, Plaintiff has not demonstrated that his damages calculations are appropriate. As it relates to the overtime claim, Plaintiff asserts that he "was paid straight pay for all [his] hours worked," but that he "was not paid a halftime premium when [he] worked more than 40 hours per week." Doc. No. 14-1 ¶ 2. But then Plaintiff provides the following calculations:

> 11/5 $1080 = 54 hrs = 14 hrs no overtime premium
>
> 11/15 $1200 = 60 hrs = 20 hrs no overtime premium
>
> 11/19 $880 = 44 hrs = 4 hrs no overtime premium

*Id.* ¶ 3. The Court is at a loss as to how Plaintiff arrived at the total dollar figures. From these calculations, it would appear that Plaintiff would be seeking his half-time rate of pay ($10/hour) for 38 hours of overtime allegedly worked, for a total of $380, or $760 if liquidated damages were included. And at the very least, the

figures provided in the affidavit, Doc. No. 14-1, are entirely inconsistent with the figures set forth in the motion, *see* Doc. No. 14, at 1 (stating that plaintiff's claim is for "136 hours x $10 (halftime premium) x 2 (liquidated damages) = $2,720").

Third, in the complaint, Plaintiff asserts claims for both unpaid wages and retaliation under the FLSA. The "Motion to Assess Damages" does not address the retaliation claim, does not argue that Plaintiff's damages on the retaliation claim are for a sum certain, and does not demonstrate that the procedure set forth in Federal Rule of Civil Procedure 55(b)(1) — rather than subsection (b)(2) — would be the appropriate provision under which Plaintiff should be seeking relief. *Cf. Loyless v. Oliveira*, No. 1:09-CV-239, 2010 WL 5441964, at *2 (E.D. Tenn. Dec. 28, 2010) (stating that "Plaintiff cannot provide nor ascertain a sum certain for recovery sought against Defendants . . . retaliation claims, as contemplated by Fed. R. Civ. P. 55(b)(1), [and] the Court must take necessary steps to determine the appropriate amount of damages" under Fed. R. Civ. P. 55(b)(2)). *See also Estes Express Lines*, 2019 WL 13183880, at *2 (M.D. Fla. Apr. 19, 2019) (stating that it was unclear whether "a Clerk's default judgment pursuant to Rule 55(b)(1) would be appropriate . . . given the explanatory information needed to prove the damages sought").

Accordingly, Plaintiff's "Motion to Assess Damages" (Doc. No. 14) is **DENIED without prejudice**. A renewed motion for default judgment, which shall

be filed on or before **November 30, 2022**, must be supported by a memorandum of legal authority setting forth the elements of each cause of action asserted and demonstrating how the well pleaded allegations of the complaint establish each of the elements of the claims for which Plaintiff seeks default judgment, including the existence of FLSA coverage  In making this showing, Plaintiff must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements.  If the well pleaded allegations of the complaint establish liability, then Plaintiff must set forth the legal bases for his entitlement to damages and present evidence sufficient to establish the damages to be awarded.  Plaintiff shall include as exhibits to any renewed motion for default judgment any evidence he wishes the Court to consider.  Alternatively, if the allegations of the complaint do not establish all of the elements for liability, Plaintiff may file an amended complaint within this same deadline, which shall be served on Defendant pursuant to the applicable Federal Rules of Civil Procedure.

      **DONE** and **ORDERED** in Orlando, Florida on November 16, 2022.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 7 -

Unrepresented Parties